IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>MELVIN M. DORTCH,<br><br>Defendant. | **8:26CR20**<br><br>**PRELIMINARY ORDER<br>OF FORFEITURE** |

This matter is before the Court upon the government's Motion for Preliminary Order of Forfeiture (Filing No. 39).   The Court has carefully reviewed the record in this case and finds as follows:

1.      On April 16, 2026, defendant Melvin M. Dortch ("Dortch") pleaded guilty to Count I of the Indictment (Filing No. 1) and admitted the Forfeiture Allegation. Count I charged Dortch with being a felon in possession of a firearm, in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8).

2.      The Forfeiture Allegation sought forfeiture, pursuant to 18 U.S.C. § 924(d) and 28 U.S.C. § 2461(c), of "any firearm and any ammunition involved in or used in any knowing violation of Title 18, United States Coder, Section 922(g)" including a Glock, model 27, .40 caliber pistol.

3.      Based on Dortch's guilty plea and admission, Dortch forfeits his interest in the Glock, model 27, .40 caliber pistol pursuant to 21 U.S.C. § 853.

4.      The government's Motion for Preliminary Order of Forfeiture is granted.

IT IS ORDERED:

1.    The government's Motion for Preliminary Order of Forfeiture (Filing No. 39) is granted.

2.    Based upon the Forfeiture Allegation of the Indictment and the Dortch's guilty plea and admission, the government is hereby authorized to seize the Glock, model 27, .40 caliber pistol.

3.    Dortch's interest in the property is hereby forfeited to the government for disposition in accordance with the law, subject to the provisions of 21 U.S.C. § 853(n)(1).

4.    The property is to be held by the government in its secure custody and control.

5.    Pursuant to 21 U.S.C. § 853(n)(1), the government shall publish for at least thirty consecutive days on an official internet government forfeiture site, www.forfeiture.gov, notice of this Preliminary Order of Forfeiture, notice of publication evidencing the government's intent to dispose of the property, in such manner as the Attorney General may direct, and notice that any person, other than Dortch, having or claiming a legal interest in the property, must file a Petition with the Court within thirty days of the final publication of notice or of receipt of actual notice, whichever is earlier.

6.    The published notice shall state the Petition referred to in Paragraph 5, above, shall be for a hearing to adjudicate the validity of the Petitioner's interest in the property, shall be signed by the Petitioner under penalty of perjury, and shall set forth the nature and extent of the Petitioner's right, title, or interest in the property, and any additional facts supporting the Petitioner's claim and the relief sought.

7.    The government may also, to the extent practicable, provide direct written notice to any person known to have an interest in the property, as a substitute for published notice as to those persons so notified.

8.    Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture pursuant to 21 U.S.C. § 853(n), in which all interests will be addressed.

Dated this 5th day of March 2026.

BY THE COURT:

Robert F. Rossiter, Jr.
Chief United States District Judge